IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GEORGE EDWARD FROSCH, PRO SE, § <br> also known as GEORGE EDWARD FORSCH, § <br> TDCJ-CID No. 1648694, § <br> Previous TDCJ-CID No. 817530, § <br> Previous TDCJ-CID No. 1232205, § <br> TDCJ-CID No. 1505559, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> CHARLES SHIPMAN, Parole § <br> Commissioner; MARSHA MOBERLY, § <br> Parole Board member; and JOHN LaFAVORS, § <br> Board member, § <br> § <br> Defendants. § | 2:12-CV-0224 |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff GEORGE EDWARD FROSCH, acting pro se, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed pursuant to Title 28, United States Code, section 1915.

Plaintiff claims the defendants have deprived him of liberty on an invalid conviction or sentence. Plaintiff alleges that, on October 11, 2012, the defendants voted to deny plaintiff parole on an invalid sentence after he notified them the sentence was invalid. Plaintiff argues he was convicted of theft under $1500.00, which was enhanced to a third degree felony with a four year sentence. Plaintiff contends that sentence is illegal.

After reviewing plaintiff's complaint and the relief requested therein, the Court issued a show cause order requiring plaintiff to respond and state whether he wished to pursue his claims

through a habeas action or a civil rights action. Plaintiff responded on November 1, 2012, stating he wishes to maintain the present civil rights action.

By his Complaint, plaintiff requests that his sentence be found to be invalid and he be released for time served. By his show cause response, plaintiff adds that he also seeks punitive damages from the defendants for each day he had to serve in excess of a two year sentence.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

*Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

To the extent plaintiff is requesting release for time served, that claim is foreclosed by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and plaintiff must seek such relief through habeas. *Wolff v. McDonnell*, 418 U.S. 538, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1973).

As to plaintiff's other claim for monetary relief, that claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), because a grant of any such relief would imply the invalidity of plaintiff's present and/or future incarceration, falling within the exclusive domain of habeas. *Wilkinson v. Dotson*, 544 U.S. 74, 80-81, 125 S.Ct. 1242, 1247, 161 L.Ed.2d 253 (2005). Thus, plaintiff's claims lacks an arguable basis in law and are frivolous until the *Heck* conditions have been met.

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff GEORGE EDWARD FROSCH is DISMISSED WITH PREJUDICE TO BEING ASSERTED AGAIN UNTIL THE *HECK* CONDITIONS ARE MET[3].

. LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the

---

[5]*Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____5th_____ day of November, 2012.

MARY LOU ROBINSON
United States District Judge